UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

HOPETON MINOTT,

                                     Plaintiff,    **COMPLAINT AND**
                                                                     **JURY DEMAND**

      -against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES      **11 CV 1217**
DUFFY, SHIELD # 09737, POLICE OFFICER ARLENE
GONZALEZ, SHIELD # 436, POLICE OFFICER
DARRYL HARRIS, SHIELD # 25137, POLICE OFFICER
JOSE BRIZUELA, SHIELD #1200, SERGEANT SEAN      ECF CASE
GELFAND, SHIELD #276,

                                     Defendants.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a November 25, 2009 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and

supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Police officer Duffy, at all times here relevant, was an employees of the NYPD, and is sued in his individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On November 25, 2009, plaintiff was driving his car with Shirley Lindsay and another person as passengers. At around 11:00 a.m., Lindsay asked plaintiff to stop at the Chase Bank on Third Avenue near 31st Street in Manhattan. Plaintiff went into the bank and as he was waiting for Lindsay to come from the bank, plaintiff was arrested.

12. Plaintiff was named as a co-defendant with Shirley Lindsay in a criminal complaint signed by defendant officer Duffy, in which he falsely accused and maliciously prosecuted

plaintiff for possession of a forged instrument.

13. Defendants testified against plaintiff in the New York County Grand Jury in furtherance of the malicious prosecution against him. Plaintiff was indicted, but upon a defense motion, all charges against him were dismissed.

14. Plaintiff was falsely imprisoned for approximately six weeks because of the false and malicious charges made against him by the defendant police officers. He was released on January 6, 2010, having been incarcerated for no lawful purpose during the Thanksgiving, Christmas and New Year holidays.

15. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of his right to Equal Protection under the Law under the Fourteenth

Amendment to the United Stated Constitution;

d. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

g. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

18. The above paragraphs are here incorporated by reference.

19. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

20. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

21. The above paragraphs are here incorporated by reference.

22. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

23. There was no reasonable expectation of successfully prosecuting plaintiff.

4

24. Plaintiff was aware of his confinement and did not consent.

25. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

26. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

27. The above paragraphs are here incorporated by reference.

28. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

29. The criminal proceedings were terminated favorably to defendant.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

31. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### FOURTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

32. The preceding paragraphs are here incorporated by reference.

33. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

34. As a result of defendants' tortious conduct in the course of their employment and in

167 East 51st St.
New York, NY 10022

Police Officer Jose Brizuela
17th Precinct
Shield # 1200
167 East 51st St.
New York, NY 10022

Sergeant Sean Gelfand
17th Precinct
Shield # 276
167 East 51st St.
New York, NY 10022