UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HOPETON MINOTT,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.

Defendants.

Docket No. 11CV1217 (PGG) (JCF)

SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

---

## **PRELIMINARY STATEMENT**

By order dated January 4, 2012, the court granted plaintiff's leave to file a sur-reply by January 11, 2012.

## POINT I
## PLAINTIFF'S MALICIOUS PROSECUTION CLAIM HAS BEEN ADEQUATELY PLED

As defendants correctly point out, police officer may indeed rely on sworn third party eye witness statements to support probable cause for an arrest, and that mere conclusory allegations of a police/witness conspiracy without evidence of bad faith cannot prevail in a false arrest and malicious prosecution case. Reply Memo. Page 2. Jenkins v. City of New York, 1999 WL 782509 aff'd, 216 F.3d 1072 (2d Cir. 2000). Tellingly, however, here there is no such sworn witness statement, despite the defendant officers' seeming easy access to it.

Instead we have an arresting officers' complaint about what a bank teller said. A complaint, which defendants have amply demonstrated through their proffering of video evidence, that includes demonstrably false statements. In Jenkins, trial court transcripts,

grand jury transcripts and sworn non-police eye witness statements, and Rule 56.1 statements, among many other things, were all before the court. The question before that court was whether, absent evidence of a conspiracy or bad faith, that such eye witness statements could support probable cause. The court quite correctly ruled that such evidence was enough to support probable cause.

No such evidence is presented here. Instead, defendants state again and again that the officers had probable cause because of what a purported bank teller told them. Yet, they do not provide any proof of what the bank teller said except as it is reported in demonstrably false police documents, not from the witness herself. Obviously, police statements in support of arrests are not always found to be true. That is why criminal defendants and civil Section 1983 plaintiffs sometimes prevail at trials.

A Grand Jury indictment, procured by police officers in bad faith, does not defeat malicious prosecution claims. In the complaint, plaintiff contends that "defendants testified against plaintiff in the New York County Grand Jury in furtherance of the malicious prosecution against him." ¶16. Furthermore, plaintiff lays out his malicious prosecution cause of action in ¶¶ 31-37.

Plaintiff can not characterize what was said by the police officers in the Grand Jury because plaintiff was not present in the Grand Jury when defendants testified and because Grand Jury testimony is secret. Only if this case proceeds to discovery can we possibly obtain the defendants testimony at the Grand Jury through a subpoena to the New York County District Attorney's office and then through application to the Supreme Court of New York County. Dale v. Bartels, 532 F.Supp. 973 (SDNY 1982). Like every other malicious prosecution plaintiff whose criminal case was presented to a Grand

2

Jury, we cannot know with specificity the words that constitute the malicious prosecution because they are secret. If this case proceeds to discovery, we would look forward to defendants joining us in an application for the Grand Jury minutes so that we can get all the facts in place for this case. If he testified truthfully and without malice, then we may very well lose our malicious prosecution claim post indictment.

## POINT 2
## PLAINTIFF MUST HAVE AN OPPORTUNITY TO ENGAGE IN FURTHER DISCOVERY BEFORE THE COURT RULES ON A SUMMARY JUDGMENT MOTION

There is enough evidence in the extensive record submitted by defendants that create a genuine issue of material facts about whether plaintiff was falsely arrested and maliciously prosecuted. 1) The falsified check signed by Shirley Lindsay and no one else. Exh. D; 2) Plaintiff's denial of the charges to the police officer, where he stated "ALL I WAS DOING WAS DRIVING". Exh. G p. 2; 3) The entry of a not guilty plea; 4) The dismissal of the criminal case, declaring the arrest and prosecution a "nullity" and 5) The video evidence demonstrating plaintiff's innocence, thereby casting serious doubt on the contradictory allegations made in defendants' criminal complaint against plaintiff.

When a district court converts a motion to dismiss to one for summary judgment, the court must ensure that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). Ordinarily, this means that a district court must give notice to the parties *before* converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading." Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008).

Defendants' reliance on Villante v. Department of Corrections, 786F.2d 516 (2d Cir. 1986), In re G & A Books, Inc. (2d Cir. 1985), and Jenkins v. City of New York is without merit. In both cases, plaintiffs had presented to the court extensive discovery as exhibits to the pleadings and the supporting papers on the motion. Indeed, as the court ruled in Sahu "The absence of any additional proceedings related to the defendants' motion prior to the district court's ... order distinguishes this case from our decision in *G. & A. Books*, relied upon by the defendants. There, the district court converted a motion to dismiss into a motion for summary judgment only after a hearing at which the non-moving plaintiffs had commented on extrinsic evidence provided by both them and the defendants, and only after the plaintiffs had requested and received an extension of time to submit additional materials." Sahu at 69.

Furthermore, defendants' now claim that they put plaintiff on notice that they may be filing a motion for summary judgment in their supporting papers. They claim they put plaintiff on notice in a motion they entitled as one to "Dismiss". The memorandum of law devotes two pages to explaining the "Standard of Law" in relation to a Rule 12(b)(6) motion, but never discusses the standard for granting a summary judgment motion. Finally, the motion does not comply with the local rules pursuant to Rule 56 motions, including Local Civil Rule 56.1. Yet, defendants' claim that plaintiff is on notice that they were in fact filing a summary judgment motion. Defendants' claim must fail.

However, to preserve all of his rights, plaintiff respectfully requests that the accompanying Declaration, pursuant to Rule 56(f), be considered by the court if it should decide to convert the motion to one for summary judgment. We would respectfully

4

request that the court deny Defendant's motion, pursuant to Fed R. Civ. P. 56(f)(1) or order a continuance to conduct the requested discovery, pursuant to Fed. R. Civ. P. 56(f)(2).

For all the foregoing reasons, defendants' Motion to Dismiss and/or Motion for Summary Judgment should be denied.

DATED:  Brooklyn, New York
        January 11, 2012

**Stoll, Glickman & Bellina, LLP**
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

BY: _____
Leo Glickman (LG3644)