UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

HOPETON MINOTT,

                                            Plaintiff,

-against-                    DOCKET # 11CV1217 (KPF)

THE CITY OF NEW YORK, POLICE OFFICER JAMES
DUFFY, SHIELD # 09737, POLICE OFFICER ARLENE
GONZALEZ, SHIELD # 436, POLICE OFFICER
DARRYL HARRIS, SHIELD # 25137, POLICE OFFICER
JOSE BRIZUELA, SHIELD #1200, SERGEANT SEAN
GELFAND, SHIELD #276,

                                            Defendants.

------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

                                                      Leo Glickman, Esq.
                                                     Attorney for Plaintiff
                                                 475 Atlantic Avenue, 3rd Fl
                                                        Brooklyn, NY 11217
                                                          (718) 852-0507
                                            lglickman@stollglickman.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES............................................................................................. ii

PRELIMARY STATEMENT........................................................................................... 1

    I. DEFENDANTS HAD NO PROBABLE CAUE TO ARREST PLAINTIFF

        A. The Initial Stop and Arrest by Brizuela and Harris...............................2

        B. The Formal Arrest by Officer Duffy ....................................................3

    II. DEFENDANTS ARE LIABLE FOR PLAINTIFFS MALICIOUS PROSECUTION AND SUB IMPRISONMENT PRE- AND POST- INDICTMENT

        A. The Indictment does not Raise a Presumption of Probable Cause.................. 6

        B. Defendant Duffy Acted with Malice................................................. 8

# TABLE OF AUTHORITIES

## Cases

**Pages**

Ali v. Mukasey,
529 F.3d 478,490 (2d Cir. 2008)..................................................................................7

Baker v. McCollan,
443 U.S.137, 145-146 (1979)......................................................................................2

Cox v. County of Sufflok,
827 F.Supp 935,939 (E.D.N.Y. 1993)........................................................................ 6

Felmine v. City of New York,
2011 WL 4543268 at 12(E.D.N.Y. 2011)...................................................................6

Panetta v. Crowley,
460 F.3d 388, 395 (2d Cir. 2006)................................................................................2

People v. De Bour
40 N.Y. 2d 210 (1976)................................................................................................5

People v. Ferguson
182 A.D. 2d 773(2nd Dep't 1992)...............................................................................4

People v. Mateo,
122 A.D. 2d 229 (2d Dep't 1996)...............................................................................5

Selinger v. City of New York,
2010 WL 4616138 (S.D.N.Y. Nov. 5, 2010) aff'd, 453 F. App'x 93 (2d Cir. 2011),..........................................................................................................................7

Ukatu v. United States,
1995 WL 311360 at fn. 7 (E.D.N.Y. 1995).................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

HOPETON MINOTT,                                Docket No. 11CV1217 (KPF)

                              Plaintiff,    REPLY MEMORANDUM OF
                                            LAW IN FURTHER SUPPORT
         -against-                         OF PLAINTIFF'S MOTION
                                            FOR SUMMARY JUDGMENT
THE CITY OF NEW YORK, POLICE OFFICER JAMES
DUFFY, SHIELD #9737, POLICE OFFICER ARLENE
GONZALEZ, SHEILD #436, POLICE OFFICER
DARRYL HARRIS, SHIELD #25137, POLICE OFFICER
JOSE BRIZUELA, SHIELD #1200, SERGEANT SEAN
GELFAND, SHIELD #276,

                                     Defendants.

------------------------------------------------------------------

## PRELIMINARY STATEMENT

What is most noteworthy about defendants' opposition to plaintiff's motion for summary judgment is what it does not attempt to rebut. They do not deny any fact allegations in plaintiff's Rule 56.1 statement. All of plaintiff's facts must be deemed admitted by the defendants. Furthermore, defendants do not refute even one fact in plaintiff's memorandum of law in support of his motion. Finally, defendants do not offer a "cogent" and "compelling" reason, as counseled by the Second Circuit, to disregard Judge Gardephe's ruling. They only state that Judge Gardephe's ruling did not take discovery into account, but do not explain how any discovery would have changed Judge Gardephe's ruling.

The defendants do not deny any fact offered by plaintiff because each fact in his Rule 56.1 statement and referenced in his memo of law cannot be disputed. Defendants do not offer an explanation as to how any evidence would effect Judge Gardephe's

rulings on the Motion to Dismiss because there is no such evidence. We respectfully submit that the facts now deemed admitted by the defendants, Judge Gardephe's rulings, and the case law all point to this motion being granted.

I. **DEFENDANTS HAD NO PROBABLE CAUSE TO ARREST PLAINTIFF**

Plaintiff does not dispute that police officers may rely on information from an eyewitness to or victim of a crime to have probable cause to make an arrest, absent circumstances raising doubt as to the person's veracity. Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006). Nor does plaintiff dispute that a police officer need not explore or eliminate every theoretically possible claim of innocence to have probable cause. Baker v. McCollan, 443 U.S. 137, 145-146 (1979). He further does not dispute that the dismissal of his case establishes a lack of probable cause for his arrest. A recitation of this criminal procedure hornbook law does not answer the question, however, of whether defendants Brizuela, Harris and Duffy, given the totality of the facts and circumstances known and understood to these defendants at the time of arrest, establish probable cause. The answer, we respectfully submit, is that these defendants as a matter of law had no probable cause to arrest Hopeton Minott.

A. The Initial Stop and Arrest by Brizuela and Harris

Defendants do not refute the undisputed facts proffered in plaintiff's Rule 56.1 statement and memorandum of law showing that Sergeant Brizuela and Officer Harris initially stopped and arrested plaintiff without reasonable suspicion or probable cause. Brizuela had no information about a male being involved in the crime, did not remember why he followed Minott, and did not know whether he might have been involved in a

2

crime. Pl. Rule 56.1 St. ¶¶5, 21-29. Nevertheless, Brizuela identified himself as a police officer, ordered him to stop, and handcuffed him at the scene. Id.

To try to establish reasonable suspicion and probable cause for this initial stop and arrest, defendants offer a "fact" in their memorandum of law that does not appear in their Rule 56.1 statement, and is not furnished with a citation. They write at page 6, second paragraph "Upon their arrival at the location, they saw Lindsay speaking to plaintiff outside the bank." First, this does not provide probable cause to arrest Minott, as merely having spoken to the person who committed the crime does not constutie probable cause. *See* Glickman decl. ex. "O" Page 10. More importantly however, this alleged "fact" is not in the record because it did not happen. No officer claimed to have seen them speaking anywhere near the bank.

### B. The Formal Arrest by Officer Duffy

Officer Duffy's arrest of Minott is based on what he was told by the bank employee and his own observations. They do not dispute that, at most, the bank employee told him that she saw "Shirley Lindsay leave the teller's window, walk to the vestibule and speak to a tall African-American male, then return to the window." Pl.'s Rule 56.1 Statement ¶¶ 35-37. They do not dispute that the video shows Hopeton Minott left the bank one full minute before Shirley Lindsay, and two full minutes prior to Officer Harris entering the bank. Pl.'s Rule 56.1 Statement ¶¶ 52-53. They do not dispute that Officer Harris parked less than one block away and went immediately to the bank. Pl.'s Rule 56.1 Statement ¶ 13. The do not dispute that Minott merely walked away from the bank, that he did not "run away" when he saw Officer Duffy Pl.'s Rule 56.1 Statement ¶¶ 39-44. Minott could not have run "in a separate direction" from Lindsay and a "third

3

unapprehended male" because he was not with Shirley Lindsay or anyone else when he walked away from the bank two minute prior to Officer Harris and the others arriving at the scene. Pl.'s Rule 56.1 Statement ¶¶ 52-53.

Thus, Duffy's formal arrest is not supported by probable cause. At most, taking all disputed facts in defendants favor, all defendants have to support probable cause is the bank teller's statement, (Pl.'s Rule 56.1 Statement ¶¶ 35-37) plus the fact that he admitted to driving his friend Raheem and Raheem's friend, Shirley Lindsay, to the location.

These facts cannot, as a matter of law, support probable cause. Furthermore, Judge Gardephe ruled that the far more (falsely) inculpating Criminal Complaint, plus the additional facts that he admitted to driving Lindsay to the bank and the false fact of his alleged "flight", would still not support a probable cause finding.

Defendants rely on two cases to show they had probable cause to make the arrest. The facts here fall far short of the facts supporting probable cause in those cases.

In People v. Ferguson 182 A.D.2d 773 (2nd Dep't 1992), the court held that the police had probable cause to arrest only when they searched the defendant and found that he was armed with handcuffs that were similar to the suspect who was arrested inside the furniture store who was apparently trying to rob the store armed with a gun. The facts that -- 1) a silent alarm went off in the rug store, 2) the defendant was with two other men in an empty u-haul van parked twenty feet from the back door of the store, 3) the driver could not produce a license or registration, and none of them could produce the rental agreement for the u-haul or any identification of their own, 4) the officer had witnessed someone leave the van and enter the store, and the person was found to be armed with handcuffs and a gun – did not support probable cause. They only supported reasonable

4

suspicion to stop and frisk the defendants. Only when handcuffs that were similar to the armed man caught inside the rug store were found on the defendant did the police have probable cause.

Unlike the defendant in Ferguson, there is no dispute that Hopeton Minott was not in possession of any contraband or any instrumentality that would ordinarily be more consistent with a criminal purpose than not. When searched, he was found with his car keys and his cell phone, ordinary items that can easily and readily be used for innocent purposes. Glickman Decl. exh. K 40:9-13. The defendant in Ferguson had handcuffs in his possession that were similar to the person robbing the store he was parked just outside of with an empty u-haul van. It is undisputed that plaintiff was never in possession of the fraudulent check. Glickman Decl. exh. J 44:14-18. .

Moreover, there is no allegation that Minott did not produce identification when asked or that he did not comply with any order. The defendants in Ferguson were driving an empty u-haul van with no papers and no identification and were parked 20 feet from the back door of a furniture store that was being robbed. Hopeton Minott was an identified person with an ordinary car parked across the street from the bank.

We believe that the facts that became known to defendants over the course of the arrest did not even support reasonable suspicion, much less probable cause. However, the defendants are incorrect in stating that the lower standard of "reasonable suspicion" is sufficient to support an arrest. Only probable cause can support an arrest. *See generally* People v. De Bour, 40 N.Y.2d 210 (1976).

Similarly, in People v. Mateo, the police made numerous observations of the defendant's actions during a drug buy and, on the basis of those observations, the court

ruled that the police had a *reasonable suspicion to stop and pat frisk* the defendant. Only when, in the course of the frisk, the police found that he was carrying a gun, did they then have probable cause to make the arrest. Again, we deny that Minott's actions even justified a reasonable suspicion to stop him. But his stop and frisk did not yield anything incriminating. He did not have anything like a gun or handcuffs to justify the arrest. Defendants' reliance on Ferguson and Mateo are misplaced. Indeed, these cases only support that, as a matter of law, plaintiff was arrested without probable cause by Officer Duffy, Officer Harris and Sergeant Brizuela.

## II. DEFENDANTS ARE LIABLE FOR PLAINTIFF'S MALICIOUS PROSECUTION AND SUBSEQUENT IMPRISONMENT PRE- AND POST-INDICTMENT

A. The Indictment does not Raise a Presumption of Probable Cause

Judge Gardephe wrote in his decision on the Motion to Dismiss: "While an indictment creates a presumption of probable cause, the presumption disappears 'where a grand jury indictment is reviewed by a state judge and dismissed due to total lack of evidence in support of one of the elements of the crime charged.'" *Citing* Cox v. County of Suffolk, 827 F.Supp. 935 at 939 (E.D.N.Y. 1993).

It is unusual that an indictment is dismissed for lack of evidence, hence the paucity of caselaw. But the ruling in Cox, in addition to being affirmed by Judge Gardephe, has been affirmed in other cases as well. *See e.g.* Felmine v. City of New York, 2011 WL 4543268 at 12 (E.D.N.Y. 2011) and Ukatu v. United States, 1995 WL 311360 at fn. 7 (E.D.N.Y. 1995). These cases acknowledge that an indictment creates a presumption of probable cause to defeat a malicious prosecution claim *unless* the indictment is dismissed due to lack of evidence to support a crime.

6

Defendants ask this court to reopen and reject Judge Gardephe's ruling without offering a cogent and compelling reason to do so. "The law of the case doctrine... counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008). *Internal quotations omitted.* Instead, they point to Selinger v. City of New York, 2010 U.S. Dist. LEXIS 119700 (S.D.N.Y. 2010) and contend "there is case law to the contrary". Def.'s Memo in opp. At 10. Selinger, however, was decided well before Judge Gardephe rendered his decision. Therefore, it does not represent an "intervening change of controlling law."

Moreover, the case in Selinger is easily distinguishable. There, the criminal court judge weighed the evidence and determined that, though there was evidence that Selinger committed the crime, it was not enough evidence to support the *mens rea* of the crime – i.e. that he knowingly defrauded the government. "While there was evidence crimes were committed with regard to [UC 5604], the evidence [was] simply insufficient to support a charge that Selinger knowingly participated in these crimes." Selinger v. City of New York, 2010 WL 4616138 (S.D.N.Y. Nov. 5, 2010) aff'd, 453 F. App'x 93 (2d Cir. 2011). Here, there was simply no evidence of conduct that a crime was committed. Justice Wittner reviewed the Grand Jury minutes and concluded: "Just to summarize, the codefendant [Lindsay] attempted to cash a forged check at a bank and there was a point at her transaction with the teller that she left the teller and went to the vestibule, spoke to someone, allegedly the defendant, and then came back. That was his entire involvement. I don't think that makes out a crime so that's the ruling." Here, the ruling was that the

7

conduct he was accused of did not constitute a crime. There was a lack of evidence that he committed a crime because the alleged conduct is not a crime. It was not, as in Selinger, a weighing of evidence. Indeed, the court in Selinger did not even consider Cox and its progeny because, presumably, they do not apply.

B. Defendant Duffy Acted with Malice

Defendants contend that plaintiff "assumes that the Chase Bank employee was completely accurate in her statement to Officer Duffy and that her statement must be consistent with the surveillance video". Def.'s memo of law p. 11-12. We make no such assumptions or assertions. The basis of plaintiff's facts about what the bank employee told Duffy is Duffy's own words in his deposition and his own sworn documents. We need not repeat the demonstrably false assertions made by Officer Duffy in his Criminal Complaint, we respectfully refer the court to Plaintiff's Memo of Law at page 14-17.

In addition, the things Duffy claimed to observe himself in the Criminal Complaint he did not observe. He claimed that while he was walking to the bank, he saw Minott, Lindsay and a third unapprehended male exiting the bank together, and when they saw Duffy, a police officer, the all ran away in different directions. Based on the video evidence and Duffy's own deposition testimony, we know that the claimed personal observations in the criminal complaint are false. Minott walks out of and away from the bank a full minute before Shirley Lindsay, and each one is alone when they do so. Nobody at any point is seen running. Furthermore, when Minott walks out of the bank, it's a full two minutes before any of the officers approach the bank. We again respectfully refer the court to Plaintiff's Memo of Law at pages 14-17.

8

We respectfully submit that there is no dispute of fact that there are fabricated, material, and inculpating allegations made in the Criminal Complaint by Officer Duffy. Based on his own Search Warrant Affidavit and his deposition testimony, it is undisputed that the reality known to Officer Duffy when he swore out the Criminal Complaint against Hopeton Minott was different, and far less inculpating than the fabricated reality of the Criminal Complaint. We therefore respectfully submit that Defendant Duffy, as a matter of law, falsely and with malice prosecuted the plaintiff Hopeton Minott.

DATED: Brooklyn, New York
November 14, 2013

**Stoll, Glickman & Bellina, LLP**
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

BY: _____
Leo Glickman (LG3644)